George F. Allen   SBN 145357
1903 21st Street
Sacramento, CA 95811
916/444-8765
*looga@looga.com*

Attorney for Plaintiff Christopher Froom

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FROOM,<br><br>        Plaintiff,<br>    vs.<br><br>MILLERCOORS; MILLERCOORS LLC; CRISPIN CIDER COMPANY; CRISPIN CIDER LLC; DOES 1 to 50,<br><br>        Defendants. | Case No.<br><br>COMPLAINT<br>(LABOR CODE §1102.5; LABOR CODE §2699; WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christopher Froom is informed and believes, and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is an adult, a citizen of California, and a resident of Sacramento County. Defendant MillerCoors is a corporation, not incorporated in California, with its principal place of business in Illinois. Defendant MillerCoors LLC is a Delaware corporation, with its principal place of business in Illinois. Defendant CRISPIN CIDER COMPANY is a Minnesota corporation, with its principal place of business in Illinois. Defendant CRISPIN CIDER LLC is a corporation, not incorporated in California, with its principal place of business in Illinois.

2. This court has original jurisdiction under 28 U.S.C. §1332, in that this a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff's employment, and the termination of that employment which is the basis of this lawsuit, occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

4. Plaintiff Christopher Froom, at all relevant times, was an adult resident of Sacramento County, California, and an employee of Defendants MillerCoors, MillerCoors LLC, Crispin Cider Company and/or Crispin Cider LLC .

5. Plaintiff is presently unable to ascertain which of the named Defendants was his true legal employer(s) or joint employer. His paychecks came from "Crispin Cider LLC." No such Limited Liability Corporation is registered with the California Secretary of State to do business in California, but "Crispin Cider Company" is registered as a foreign corporation. Various of Plaintiff's personnel documents refer to his employment with, and termination from, "MillerCoors" and "MillerCoors/Crispin Cider Company." No corporation named "MillerCoors" is registered with the California Secretary of State to do business in California, but "MillerCoors LLC" is registered as a foreign limited liability corporation. Plaintiff will seek leave to amend his complaint once the proper Defendant(s) have been identified. "CRISPIN," as used hereafter in this Complaint, refers to MillerCoors, MillerCoors LLC, Crispin Cider Company, and Crispin Cider LLC.

6. The true names and capacities of Defendants DOES 1 through 50 are unknown to Plaintiff, who, therefore, sues these DOES by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

7. At all times described in this Complaint, and in all the matters alleged, Defendants, and each of them, were the agents and employees of each of the remaining Defendants, and were at all times acting within the scope of that agency and employment, and each Defendant has ratified the acts of his/her/its co-Defendants.

8. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered loss of income, emotional harm, and other foreseeable damages. Plaintiff's damages

are not yet fully ascertained, but are in excess of the $75,000 jurisdictional minimum for diversity jurisdiction cases in this Court.

9. Defendants acted as described in this Complaint in knowing violation and/or conscious disregard of Plaintiff's rights, and/or with the intent to injure Plaintiff.

10. Plaintiff has made a timely complaint to the California Labor & Workforce Development Agency. LWDA has not taken enforcement action on Plaintiff's Complaint. Plaintiff is, therefore, authorized to proceed under the Private Attorneys General Act, Labor Code §2698, *et. seq*.

**FIRST CAUSE OF ACTION**
LABOR CODE §1102.5
(Against All Defendants)

11. Plaintiff incorporates the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff was employed by CRISPIN from 2012 until his wrongful termination in July, 2014. Plaintiff worked at CRISPIN's manufacturing facility in Colfax, Placer County, California. CRISPIN manufactures beverages at the Colfax location.

13. On or about March 23, 2014, Plaintiff's supervisor, John Eisenhauer, instructed him to dump a large tank of root beer into a drain at CRISPIN's premises. The drain is connected to the Colfax sewer system. The exact quantity of root beer involved is unknown, but is substantial. Plaintiff questioned his supervisor about whether CRISPIN's General Manager and the City of Colfax were aware of and approved this dumping, as it was Plaintiff's understanding that CRISPIN was not permitted to make such discharges. Mr. Eisenhauer assured Plaintiff that the discharge was known to, and approved by, the General Manager and the City of Colfax. Relying on that representation, Plaintiff began the discharge.

14. Gabe Armstrong is a City of Colfax employee with responsibility for overseeing CRISPIN's discharges into the City sewer system. The day after the discharge, on or about March 24, 2014, Mr. Armstrong came to the CRISPIN facility to investigate the discharge. Mr. Armstrong was speaking with CRISPIN'S General Manger, Eric Stone. Plaintiff told Mr. Armstrong, in Mr. Stone's presence, that he had expected to see him on March 23, when

CRISPIN was dumping the root beer. General Manager Stone purported to be surprised by this information, asking Plaintiff if there had been a spill.

15. Plaintiff's disclosure of the discharge to Mr. Armstrong and Mr. Stone was a disclosure of an apparent and actual violation of Federal, State and local laws regulating such discharges, including, without limitation, the Porter-Cologne Water Quality Control Act (CA Water Code §13000 *et seq.*).

16. California law prohibits an employer from retaliating against an employee for disclosing illegal or apparently illegal conduct:

> (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(Labor Code §1102.5(b)

17. On or about April 4, 2014, CRISPIN terminated Plaintiff's employment. General Manger Stone claimed that the termination was because Plaintiff was "rude and disruptive" during Mr. Armstrong's visit to investigate the discharge. This is false; Plaintiff was neither rude nor disruptive.

18. Plaintiff's disclosure of the root beer discharge was the true reason for Plaintiff's termination.

19. CRISPIN's termination of Plaintiff has caused him to incur economic damages and emotional harm.

20. Wherefore, Plaintiff seeks relief as prayed for in this Complaint.

**SECOND CAUSE OF ACTION**
**PRIVATE ATTORNEY GENERALS ACT**
**Labor Code §2698,** *et. seq***.**
(Against All Defendants)

21. Plaintiff incorporates the allegations of paragraphs 1 through 20 as if fully set forth herein.

22. Pursuant to the Labor Code Private Attorney Generals Act of 2004, Labor Code §2698, et. seq., Plaintiff is empowered to seek recovery of penalties provided by the Labor Code.

23. Wherefore, Plaintiff seeks relief as prayed for in this Complaint.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against All Defendants)

24. Plaintiff incorporates the allegations of paragraphs 1 through 20 as if fully set forth herein.

25. The public policy of the State of California, including, without limitation, Labor Code §1102.5, does not permit an employer to terminate an employee for disclosing the employer's conduct, where the disclosure is made to the government and/or to the General Manager of the employer, and the employee has reasonable cause to believe that the conduct in question is a violation of Federal, State, or Local law or regulation.

26. CRISPIN's conduct in terminating Plaintiff was in violation of the above-referenced public policy of the State.

27. Wherefore, Plaintiff prays for relief as stated below.

**WHEREFORE**, Plaintiff prays for trial by jury on all claims and causes of action, and for the following relief:

1. For general and special damages according to proof;
2. For attorney fees for the Second Cause of Action;
3. For all damages actually incurred and reasonably foreseeable;
4. For a civil penalty of $10,000 for the Second Cause of Action, per Labor Code §1102.5(f);
5. For costs of litigation;
6. For interest on all damages at the maximum rate and from the earliest date allowed;
7. For equitable relief including, without limitation: an Order requiring Defendant to reinstate Plaintiff to his former employment in an appropriate position; an Order requiring

Defendant to inform its employees of their rights under the Labor Code; an Order requiring Defendant to notify its employees of the outcome of this lawsuit; and an Order requiring Defendant to provide training to the managers and supervisors who are found to have violated Plaintiff's rights; and

    8. For such further relief as is just, proper and equitable.

Dated: March 27, 2015                            /s/ George F. Allen
                                                             George F. Allen
                                                             Attorney for Plaintiff
                                                             CHRISTOPHER FROOM